# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                               No. 2:17-cr-01228 WJ

ISIDRO MURRIETA-POLANCO,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE

THIS MATTER is before the Court on the United States' Motion in Limine to Exclude Evidence of Defendant's State of Mind, filed on March 16, 2018 **(Doc. 51)**. Having reviewed the United States' brief and applicable law, the Court finds that the Motion is well-taken and is, therefore, **GRANTED**.

## BACKGROUND

Defendant is charged with Illegal Reentry after Deportation, in violation of 8 U.S.C. § 1326. The United States alleges as follows: Defendant was previously deported on February 8, 2007. While his deportation order was outstanding, Defendant was found again in the United States (in Hidalgo County, New Mexico) on December 4, 2016. Defendant admitted he was a citizen of Mexico, had been previously deported, and crossed the border on November 28, 2016. Defendant did not have express permission from the Department of Homeland Security to enter the country.

Trial is set for April 2, 2018. The United States seeks to exclude the following evidence at trial:

- that Defendant was not aware that it is a crime for an alien to reenter the United States after having been removed from the United States without obtaining authorization from the proper authority;
- that Defendant was under the mistaken belief that he was authorized to enter the United States, that he had not been removed from the United States prior to reentering, or that he was a citizen of the United States; and
- that Defendant returned for any reason, including economic, cultural, or familial motivations.

Defendant's counsel advised the Court that he does not intend to file a response in opposition. Therefore, the Motion is ready for ruling.

## DISCUSSION

The United States argues that the above evidence about Defendant's intent or state of mind is irrelevant. The Court agrees.

To prove a violation of 8 U.S.C. § 1326, the Government must show that:

**First**: the defendant was an alien at the time alleged in the indictment;
**Second:** the defendant had previously been [denied admission] [excluded] [deported] [removed] from the United States; and
**Third**: the defendant [knowingly entered] [knowingly attempted to enter] [was found in the United States having entered knowingly].
**Fourth**: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Tenth Circuit Pattern Jury Instruction 2.05 (2011) (Updated February 2018); *United States v. Sierra-Ledesma*, 645 F.3d 1213, 1218-19 (10th Cir. 2011). To prove the intent requirement in the third element, the Government need only prove "the intent to do the act of entering the country." *United States v. Hernandez-Hernandez*, 519 F.3d 1236, 1239 (10th Cir. 2008). The United States need not prove that Defendant knew it was unlawful to enter the country, or intended to break the law. *United States v. Hernandez,* 693 F.2d 996, 1000 (10th Cir.1982), *cited in United States v. Sierra-Ledesma*, 645 F.3d 1213, 1218 n.1 (10th Cir. 2011); *see also Hernandez-Hernandez*, 519 F.3d at 1239 ("No intent to break the law—whether characterized as 'specific intent' or 'general criminal intent'—must be proved."). Moreover, Defendant may not

assert a mistaken belief defense. *United States v. Martinez-Morel*, 118 F.3d 710, 713 (10th Cir. 1997), *citing United States v. Miranda-Enriquez*, 842 F.2d 1211, 1213 (10th Cir. 1988). Defendant's motivation for entering the United States is also irrelevant to the determination of whether he intended to enter the United States. Therefore, the Court concludes that the above evidence is not relevant or material, and is therefore inadmissible at trial. Fed. R. Evid. 401, 402.

The United States also requests that the Court bar any duress or necessity defense at trial, unless the Defendant proves each element of the defenses by a preponderance of the evidence prior to trial. *United States v. Saldivar-Munoz*, 439 F. App'x 730, 734–35 (10th Cir. 2011). A necessity or duress defense may be used to excuse an otherwise illegal act, such as illegal reentry. *United States v. Saldivar-Munoz*, 439 F. App'x 730, 735 (10th Cir. 2011). To prove a duress defense, Defendant must establish that "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." *United States v. Portillo-Vega*, 478 F.3d 1194, 1197 (10th Cir. 2007). Similarly, to prove a necessity defense, Defendant must prove "defendant may successfully use a defense of necessity to excuse an otherwise illegal act if "(1) there is no legal alternative to violating the law, (2) the harm to be prevented is imminent, and (3) a direct, causal relationship is reasonably anticipated to exist between defendant's action and the avoidance of harm." *Saldivar-Munoz*, 439 F. App'x at 734–35 (citation omitted). Moreover, Defendant must proffer evidence of a bona fide effort to surrender as soon as the claimed duress or necessity defense lost its coercive force. *Portillo-Vega*, 478 F.3d at 1201.

Before the Defendant may present any duress or necessity defense to the jury, the Defendant must satisfy each element of the defense by proffer or testimony to the Court. *Id.* If Defendant intends to present a duress or necessity defense, the Court expects the Defendant to

notify the Court by the pretrial conference on March 29, 2018, so that any hearing may be scheduled to avoid delaying the jury. Moreover, Defendant must submit an appropriate jury instruction.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE